**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gary Dale MATT, Defendant—
Appellant.**

No. 00–30354.

D.C. No. CR–00–00013–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2002.

Decided April 1, 2002.

Before POLITZ,* CANBY, and
KLEINFELD, Circuit Judges.

MEMORANDUM **

Gary Matt pleaded guilty to abusive sexual contact, 18 U.S.C. § 2244(a)(3). He appeals his sentence, challenging the district court's enhancement for obstruction of justice as well as the court's restitution order. We vacate the sentence and remand for resentencing.

Both parties are familiar with the facts of the case, so we discuss them only briefly. Matt pleaded guilty to abusive sexual contact for fondling the breasts of a 14–year old girl while she was driving a snowmobile and he was riding behind her. The district court, when sentencing Matt, enhanced his sentence two levels for obstructing justice. The only evidence of the obstruction of justice was a Presentence Report relating an interview with the victim in which she claimed that Matt told her not to tell anyone of his conduct or she and her family would be sorry. She also asserted that she had seen guns in Matt's house. There was evidence that the girl could not have seen the guns. Matt denied having threatened the girl.

Prior to the events in this case, Matt had been convicted for sexually abusing two 13–year–old girls and threatening them if they told anyone.

The district court found that Matt had obstructed justice, and enhanced his offense level by two levels, resulting in a

---

\* The Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sentence of 24 months imprisonment. The court also ordered restitution, making Matt "responsible for all counseling costs for the victim of this case that she incurs as a result of any mental health counseling resulting from" Matt's abusive sexual contact. There was nothing in the record indicating that the girl had received mental health counseling, or that she or her family contemplated such counseling for her.

### Discussion

■ The only evidence that Matt made the threat was the Presentence Report. The victim did not testify and the government offered nothing else. Matt denied having made the threat, and attempted to call the victim's credibility into question by proving that her statement about seeing guns in Matt's house was not true. The district court apparently did not understand that the threat itself was disputed, describing Matt's objection to the Presentence Report as disputing only the question whether the victim could have seen the guns. Even then, the district court indicated that the enhancement for obstruction of justice was a "close call." Because the record indicates that the district court was under the misimpression that the threat was uncontested, we remand to enable the district court to address anew the question whether there was a threat, to make findings accordingly, and to rule once more on the possible enhancement for obstruction of justice. *See United States v. Matthews*, 278 F.3d 880, 885 (9th Cir.2002) (en banc) (finding error where a district court relied on a disputed PSR for a sentencing enhancement).

■ Finally, the restitution order must be vacated. Where there is nothing but a possibility that a victim will incur future therapy costs, "[t]he statutory [restitution] scheme simply does not allow for restitution orders based on such speculation rather than proof.... [T]he government ... cannot bear the burden of proving the amount of a loss by a preponderance of the evidence when it is no more than possible that the loss will occur at all." *United States v. Follet*, 269 F.3d 996, 1002 (9th Cir.2001).

The restitution statute does "provide for amended restitution orders on the petition of the victim if the victim subsequently discovers further losses." *Id.* (internal quotations omitted); *see also* 18 U.S.C. § 3664(d)(5). Therefore, we remand for vacation of the restitution order without prejudice to the victim's ability to seek relief if she discovers additional harms, including the need for mental health counseling.

The sentence, including the restitution order, is vacated and the matter is remanded to the district court for resentencing in accordance with this memorandum.

SENTENCE VACATED; REMANDED FOR RESENTENCING.